"UNDER SEAL"

FILED
CHARLOTTE, NC

FEB 21 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 3:24-cr-36-RJC |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| 1) DAVID ANGELO QUICK | ) | **UNDER SEAL** |
| 2) ▬▬▬▬▬▬▬▬▬▬ | ) | |
| | ) | 26 U.S.C. § 7206(1) |
| | ) | |

**THE GRAND JURY CHARGES:**

At all relevant times:

**Introduction**

1. Beginning in or around 2018, and continuing to in or about 2021, the defendants DAVID ANGELO QUICK ("QUICK") and ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, as well as other persons known and unknown to the Grand Jury, provided home repair and improvement services, as well as car repair services, for elderly homeowners. QUICK and ▬▬▬▬ collectively received more than $1.5 million from elderly homeowners and failed to report any of this income on their federal income tax returns, Forms 1040, filed with the Internal Revenue Service ("IRS").

2. QUICK resided in Charlotte, North Carolina and Waxhaw, North Carolina, within the Western District of North Carolina. G.N. was QUICK's "wife," though they were not legally married. QUICK owned and operated David Quick Home Improvements. QUICK, although not a licensed contractor, provided roofing, painting, driveway construction, cement and masonry work, tree removal, and landscaping under the name David Quick Home Improvements. QUICK did not report David Quick Home Improvements to the IRS on any tax return.

[paragraph 3 redacted]

4. S.B and L.B., a married couple, and H.K. were elderly and retired individuals who owned homes in Charlotte, North Carolina. QUICK and ▬▬▬▬ provided home repair and improvement services, as well as car repair services, to these and other individuals between in or about 2018 through 2021. QUICK and ▬▬▬▬ received income for providing these services in 2018, 2019, 2020, and 2021.

1

5. The IRS was and is an agency of the United States Department of Treasury responsible for administering the tax laws of the United States, including the ascertainment, computation, assessment, and collection of income taxes.

## COUNT ONE
(26 U.S.C. § 7206(1) - Filing a False Tax Return)

6. The Grand Jury realleges and incorporates by reference herein, all of the allegations contained in paragraphs 1 through 5 of the Bill of Indictment, and further alleges that:

7. On or about January 5, 2020, in the Western District of North Carolina, and elsewhere, the defendant, DAVID ANGELO QUICK, a resident of Charlotte and Waxhaw, North Carolina, did willfully make and subscribe and file and cause to be filed with the Internal Revenue Service, a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2019, which was verified by a written declaration that it was made under the penalties of perjury, and which QUICK did not believe to be true and correct as to every material matter in that QUICK: (a) reported that his taxable income on Line 11(b) was $5,443, whereas, as he then and there well knew and believed his taxable income on Line 11(b) was substantially understated; and (b) failed to disclose that he was engaged in the operation of a business activity from which he derived gross receipts or sales and received income, whereas, as he then and there well knew and believed, he was engaged in the operation of a business activity, from which he derived gross receipts or sales and received income.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT TWO
(26 U.S.C. § 7206(1) - Filing a False Tax Return)

8. The Grand Jury realleges and incorporates by reference herein, all of the allegations contained in paragraphs 1 through 5 of the Bill of Indictment, and further alleges that:

9. On or about January 22, 2021, in the Western District of North Carolina, and elsewhere, the defendant, DAVID ANGELO QUICK, a resident of Charlotte and Waxhaw, North Carolina, did willfully make and subscribe and file and cause to be filed with the Internal Revenue Service, a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2020, which was verified by a written declaration that it was made under the penalties of perjury, and which QUICK did not believe to be true and correct as to every material matter in that QUICK: (a) reported that his taxable income on Line 15 was $6,602, whereas, as he then and there well knew and believed his taxable income on Line 15 was substantially understated; and (b) failed to disclose that he was engaged in the operation of a business activity from which he derived gross receipts or sales and received income, whereas, as he then and there well knew and believed, he was engaged in the operation of a business activity, from which he derived gross receipts or sales and received income.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE
(26 U.S.C. § 7206(1) - Filing a False Tax Return)

10. The Grand Jury realleges and incorporates by reference herein, all of the allegations contained in paragraphs 1 through 5 of the Bill of Indictment, and further alleges that:

11. On or about January 27, 2022, in the Western District of North Carolina, and elsewhere, the defendant, DAVID ANGELO QUICK, a resident of Charlotte and Waxhaw, North Carolina, did willfully make and subscribe and file and cause to be filed with the Internal Revenue Service, a U.S. Individual Income Tax Return, Form 1040, for the calendar year 2021, which was verified by a written declaration that it was made under the penalties of perjury, and which QUICK did not believe to be true and correct as to every material matter in that QUICK: (a) reported that his taxable income on Line 15 was $7,853, whereas, as he then and there well knew and believed his taxable income on Line 15 was substantially understated; and (b) failed to disclose that he was engaged in the operation of a business activity from which he derived gross receipts or sales and received income, whereas, as he then and there well knew and believed, he was engaged in the operation of a business activity, from which he derived gross receipts or sales and received income.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNTS FOUR THROUGH SIX
(26 U.S.C. § 7206(1) - Filing a False Tax Return)

12. The Grand Jury realleges and incorporates by reference herein, all of the allegations contained in paragraphs 1 through 5 of the Bill of Indictment, and further alleges that:

13. On or about the dates listed below, in the Western District of North Carolina, and elsewhere, the defendant,

a ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ did willfully make and subscribe and file and cause to be filed with the Internal Revenue Service, the tax returns for the tax years listed below, each of which were verified by written declarations that they were made under the penalties of perjury, and which ▮▮▮▮▮▮ did not believe to be true and correct as to every material matter. Each tax return reported false items on the lines and in the amounts listed below, among others, whereas ▮▮▮▮▮▮ then and there well knew and believed the amounts on the lines listed below were substantially understated.

| Count | Tax Return | Approximate Filing Date | False Item | Amount Reported |
|---|---|---|---|---|
| 4 | 2018 Form 1040 | January 10, 2019 | Line 10 – Taxable income | $0 |
| 5 | 2019 Form 1040 | January 7, 2020 | Line 11(b) – Taxable income | $0 |

| 6 | 2021 Form 1040 | January 26, 2022 | Line 15 – Taxable income | $0 |

All in violation of Title 26, Untied States Code, Section 7206(1).

A TRUE BILL:


FOREPERSON

DENA J. KING
UNITED STATES ATTORNEY

_Caryn Finley_
CARYN FINLEY
ASSISTANT UNITED STATES ATTORNEY

4